UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BRUCE CHAMBERS                                                                                PLAINTIFF

V.                                            CIVIL ACTION NO. 3:25-CV-289-KHJ-MTP

STEVE GOODMAN                                                                              DEFENDANT

ORDER

Before the Court is Defendant Steve Goodman's ("Constable Goodman") [12] Motion for Summary Judgment. For the reasons stated below, the Court grants the [12] Motion.

I.   Background

This is a Section 1983 case involving an arrest for burglary.

In December 2023, pro se Plaintiff Bruce Chambers ("Chambers") burglarized his sister's house in Leake County, Mississippi. Indictment [12-1]; Pet. to Plead Guilty [12-5]. The sister, Helen Nutt ("Nutt"), was in the hospital recovering from a fall at the time of the burglary. Nutt's Statement [12-3]; *see also* Compl. [1] at 2. But her neighbor, Houston Ealy ("Ealy"), witnessed it and reported it to Leake County Constable Goodman. Decl. by Constable Goodman [12-2] ¶ 2; *see also* [1] at 2.

After Nutt returned home from the hospital, she pressed charges against Chambers for "[sic] Breaking and Entering Dwelling." [12-3]. A Leake County justice court judge issued an arrest warrant for Chambers for "Burglary—B & E

dwelling house," and Constable Goodman arrested Chambers the next day. Warrant [12-4] at 1 (citing Miss. Code Ann. § 97-17-23); [12-2] ¶ 5; Mem. in Opp'n. [21] at 2. Chambers says he "bonded out" the same day he was arrested. [1] at 3. A few weeks later, Nutt filed an affidavit stating that Chambers trespassed on her property on a separate occasion. [1-1] at 3. He was then charged with trespassing, but the justice court dismissed the charge for "lack of probable cause." [1-1] at 4.

Over a month after dismissing the trespassing charge, the justice court dismissed the burglary charge.[1] Documents [1-1] at 2; Aff. in Opp'n [20] at 2; Reply [22] at 2. Then, the burglary charge was "revived" in circuit court, and a grand jury indicted Chambers for the burglary. [22] at 2; [12-1]. He eventually pleaded guilty, and the circuit court judge sentenced him to three years of probation and ordered him to pay restitution to Nutt plus court costs. [12-5]; J. on Guilty Plea [12-6] at 2.

A few months later, Chambers sued Constable Goodman under 42 U.S.C. § 1983 and "section 242 title 18." [1] at 1. Constable Goodman now moves for summary judgment. [12].

II.   Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law, while a dispute about that fact is genuine if the

---

[1] The document dismissing the burglary charge does not state a reason for dismissal. *See* [1-1] at 5.

evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022) (citation modified). And a movant is "entitled to a judgment as a matter of law when the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Carnegie Techs., L.L.C. v. Triller, Inc.*, 39 F.4th 288, 293 (5th Cir. 2022) (citation modified).

The Court "must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in [his] favor." *EEOC v. WC&M Enters., Inc.*, 496 F.3d 393, 397 (5th Cir. 2007). The Court "may not evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021) (citation modified). "The sole question is whether a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor." *Id.* (citation modified).

III.   Analysis

Chambers brought this suit under 18 U.S.C. § 242 and 42 U.S.C. § 1983. *See* [1]. Chambers does not have a private right of action under Section 242. As for the Section 1983 claim, Constable Goodman moves for summary judgment on three grounds—qualified immunity, the independent intermediary doctrine, and the *Heck v. Humphrey* favorable termination bar. [12] at 1. The Court grants the [12] Motion because Chambers has failed to overcome Goodman's qualified immunity defense.

A. 18 U.S.C. § 242

First, the Court addresses Chambers's attempt to charge Constable Goodman with a crime under 18 U.S.C. § 242.[2] [1] at 1. This statute is "the criminal counterpart to [Section] 1983." *See Menefee v. Houston Police Dep't*, No. 4:14-cv-01705, 2016 WL 3093131, at *4 (S.D. Tex. May 11, 2016). In other words, Section 242 pertains to a criminal charge that can only be brought only government prosecutors. As a private citizen, Chambers cannot charge Constable Goodman with a crime. *See Doyon v. United States*, No. A-07-CA-977-SS, 2008 WL 2626837, at *4 (S.D. Tex. June 26, 2008) ("federal courts have repeatedly held that violations of criminal statutes do not give rise to a private right of action"). So the Court considers only Chambers's Section 1983 claim.

B. 42 U.S.C. § 1983

Chambers has not overcome Constable Goodman's qualified immunity defense, so his claim must be dismissed.

Section 1983 provides that any person who, under color of state law, deprives another of "any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. But "[a] state official sued under [Section] 1983 is entitled to qualified immunity from damages, which protects the official from liability for any act that was not objectively unreasonable at the time of the act." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). "When a defendant invokes qualified immunity, the burden shifts to the plaintiff to

---

[2] Chambers refers to this statute as "section 242 title 18." *See, e.g.*, [1] at 1.

demonstrate the inapplicability of the defense." *Lincoln v. Turner*, 874 F.3d 833, 847 (5th Cir. 2017) (citation modified). "[A] plaintiff seeking to defeat qualified immunity must show: (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Id.* at 847–48 (citation modified).

Constable Goodman is entitled to qualified immunity. *Conner v. Alltin, LLC*, 571 F. Supp. 3d 544, 567 (N.D. Miss. 2021) ("as a state officer, [a constable] enjoys the robust protection of the qualified immunity doctrine"). As a result, Chambers "must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tenn. Gas Pipeline, Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255–57 (1986)). And his pro se status does not excuse him of his burden of "mak[ing] arguments capable of withstanding summary judgment." *Thorn v. McGary*, 684 F. App'x 430, 433 (5th Cir. 2017) (citation modified).

In his [1] Complaint, Chambers seeks $200,000 in damages from Constable Goodman "for his acting under color of law [] by denying [Chambers] his civil [rights] as provided for in the constitution of the United States of America." [1] at 3. This broad statement does not clarify what constitutional violation Chambers alleges. But Constable Goodman notes that Chambers's claim "solely involve[s]" Chambers's arrest, so he responds to the allegations as if they attempt to establish an unconstitutional arrest. Mem. in Supp. [13] at 5.

5

Constable Goodman argues that he did not violate Chambers's constitutional rights because he arrested Chambers pursuant to a valid arrest warrant. [13] at 6; [12-4] at 1. So Chambers cannot prove the elements to overcome qualified immunity. "Whether [an] arrest [is] constitutionally valid depends [on] whether, at the moment the arrest was made, the officers had probable cause to make it." *Beck v. Ohio*, 379 U.S. 89, 91 (1964). "[A] valid arrest warrant . . . normally insulate[s] officers against a claim for false arrest." *Mendenhall v. Riser*, 213 F.3d 226, 232 (5th Cir. 2000). For that reason, Constable Goodman says Chambers "failed to show a constitutional violation" with respect to the arrest. [13] at 6.

The Court agrees. Chambers presents no summary judgment evidence to suggest that the warrant was invalid or that Goodman otherwise violated a constitutional right. His only evidence as to the burglary charge is a "Criminal Affidavit" attached to his [1] Complaint. [1-1] at 5. At most, the affidavit shows that some court dismissed the burglary charge; it is silent as to which court did so or why. *See id.* This document does not suggest that the arrest was invalid or otherwise unconstitutional. He also attaches to his [1] Complaint documents to show the justice court dismissed the trespassing charge for "lack of probable cause" over a month before dismissing the burglary charge. [1-1] at 2, 4. But his arrest was based on the burglary charge, so the trespassing charge is irrelevant for purposes of determining whether the arrest was valid. [12-4] at 1. Therefore, Chambers has presented no evidence to show the arrest was unconstitutional.

Chambers also implies that Constable Goodman violated Chambers's constitutional rights when he "advised" Ealy and Nutt to press charges against Chambers for trespassing and burglary. [21] at 4. But Chambers presents no summary judgment evidence to suggest that this occurred. And even if he presented evidence of this advice, he cites no legal authority to show that such advice is unconstitutional. Therefore, he has not established that Goodman "violated a statutory or constitutional right" and "that the right was 'clearly established' at the time of the challenged conduct." *Lincoln*, 874 F.3d at 847–48 (citation modified). Accordingly, he has failed to overcome Constable Goodman's qualified immunity defense, and his claim must be dismissed.

Since the Court grants summary judgment to Constable Goodman based on qualified immunity, it need not consider his other arguments for summary judgment.

IV.   Conclusion

For the reasons stated above, the Court GRANTS Constable Goodman's [12] Motion for Summary Judgment and DISMISSES this case with prejudice. In doing so, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 16th day of December, 2025.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE
